UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM PECK, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY, an Ohio Corporation,<br><br>　　Defendant. | Case No. 1:14-cv-00500-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it Plaintiff's Motion for Reconsideration, Dkt. 59. On September 30, 2016, the Court granted summary judgment in favor of Defendants in this insurance case. Dkt. 56.

Reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or

fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

There has been no intervening change of law, and there exists no basis for the Court to reconsider its judgment on the grounds that doing so is necessary to prevent manifest injustice. Nor does Plaintiff introduce any new evidence in support of her position. Instead, Peck asks the Court to "reexamine the evidence provided and reproduced in this Motion and reverse it's [sic] previously entered Judgment." *Pl.'s Br.*, at 12, Dkt. 59-1. As such, Plaintiff's motion will succeed only if Peck is able to demonstrate the Court committed "clear error." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Plaintiff argues the Court erred in identifying the cause of loss underlying her claim as water rather than fire. *Pl.'s Reply*, at 1, Dkt. 63. According to Peck, the cause of loss is the singular issue of the case because it determines whether the mold limitation applies, and thus whether Defendants have fulfilled their duty with respect to the insurance contract. *See Pl.'s Br.*, at 1, Dkt 59-1; *Pl's Reply*, at 1, Dkt. 63. Because her focus is so narrowly drawn, Plaintiff does not address the Court's core finding on her breach of contract claim: her failure to demonstrate any amount owed her that Cincinnati has not paid. Dkt. 56 at 10. Plaintiff points to no evidence of any amount owed under the Peck Policy, over and above the $100,529.94 already paid for her personal property loss, even should the $10,000 mold limitation not apply. As such, her claims are "deficient as a

matter of law." *Id.* at 11. Absent evidence the Court erred in determining Plaintiff failed to prove any amount owed to her and not yet paid, Plaintiffs' motion for reconsideration of her breach of contract claim fails.

To the extent Plaintiff seeks reconsideration on her other claims, her motion also fails. Because Plaintiff's motion for reconsideration focuses solely on cause of loss, Plaintiff fails to contest several other key holdings underlying the Court's Decision and Order, Dkt. 56. Notably, Plaintiff does not argue the Court erred in finding that she lacks standing to bring a claim under the Grove Policy. *Id.* at 10. As such, the Court denies reconsideration, to the extent it is sought, on any claim under the Grove Policy.

Plaintiff also failed to contest the Court's finding that Cincinnati processed her claim with "reasonable expediency." *Id.* at 12 (discussing Plaintiffs' claim Cincinnati acted in bad faith). Further, Plaintiff does not contest the Court's finding that Cincinnati's denial of her claim was not based on carelessness or mistake. *Id.* at 13 (discussing Plaintiffs' claim Cincinnati acted negligently). Nor does Plaintiff contest that she knew about the mold limitation in the Peck Policy. *Id.* at 15 (discussing Plaintiff's estoppel claim). Taken together with Plaintiff's failure to establish any amount of benefit actually denied or withheld, Plaintiff provides no evidence the Court erred in its grant of summary judgment in favor of Defendants on any of her remaining claims.

Accordingly, Plaintiff has failed to establish that she is entitled to relief under Rule 59 and the Court will deny the motion for reconsideration.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Reconsideration (Dkt. 59) is **DENIED**.

DATED: August 30, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court